IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KEITH MONTGOMERY,**

    **Movant,**

v.                                                        **Case No. 2:17-cv-04008**
                                                                            **Case No. 2:07-cr-00058-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant Keith Montgomery's *pro se* "Motion for Resentencing Based on Supreme Court Decision in *Johnson* and *Welch*, Motion for Appointment of Counsel for Successive § 2255(f)" (ECF No. 71), which is construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

On March 27, 2007, a federal grand jury sitting in Charleston, West Virginia returned an indictment charging Keith Montgomery (hereinafter "Defendant") with one count of possession with intent to distribute a quantity of cocaine base and one count of carrying a firearm during and in relation to a drug trafficking crime. (ECF No. 10 at 1-2). On May 29, 2007, Defendant pled guilty, pursuant to a written plea agreement, to the controlled substance offense in exchange for dismissal of the firearm charge. (ECF No. 28

at 1-2; ECF No. 40 at 22-23). The written plea agreement contained an appeal waiver provision that prohibited both parties from challenging the reasonableness of a sentence within the United States Sentencing Guidelines (hereinafter, "Guidelines" or "USSG"), but permitted either party to appeal the Court's calculation of the Guidelines range. (ECF No. 28 at 4).

At his sentencing hearing on August 27, 2007, the Court found that Defendant qualified as a career offender under USSG § 4B1.1(a), in light of two prior felony controlled substance offense convictions in Michigan and Virginia. (ECF No. 41 at 3-4). The career offender designation resulted in a Guidelines sentence range of 151 to 188 months of imprisonment. (ECF No. 34 at 8; ECF No. 41 at 5). Defendant's counsel did not object to the Guideline calculation, but argued that a within-Guidelines sentence would be unreasonable since "treating Mr. Montgomery as a career offender [would] grossly overstate[] his true criminal history." (ECF No. 41 at 5). The Court ultimately sentenced Defendant to 168 months of imprisonment and three years of supervised release, which was reflected in the Court's August 29, 2007 judgment. (ECF No. 31 at 2-3; ECF No. 41 at 10).

Defendant, by counsel, appealed his sentence to the United States Court of Appeals for the Fourth Circuit. *United States v. Montgomery*, 280 F. App'x 291 (4th Cir. 2008). Defendant's appeal contended that "the district court erred by failing to consider a downward departure from his criminal history category." *Id*. at 291. However, the Fourth Circuit found that Montgomery "never asked the court to consider a downward departure from his criminal history category" and that "Montgomery conceded the calculation of his Guidelines range was correct" at sentencing. *Id*. Consequently, the Fourth Circuit

affirmed Defendant's sentence. *Id.* at 292. Defendant did not seek a writ of certiorari from the United States Supreme Court.[1]

On May 12, 2014, Defendant filed his first § 2255 motion. (ECF No. 59). On March 28, 2017, the presiding District Judge found that Defendant's initial § 2255 motion was untimely, that no tolling exceptions applied to the claims made therein, and that Defendant's claims were otherwise substantively meritless. (ECF No. 74). Defendant did not appeal that decision.

On June 27 2016, while the first § 2255 motion was pending, Defendant filed the instant motion (ECF No. 71), asserting that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, and further finding that imposition of an increased sentence thereunder violates due process.[2] *Johnson* was made retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). Although Defendant was not sentenced under the ACCA, the career offender guideline, which was applied in his case, has a similar residual clause. Thus, Defendant asserts that the rationale in *Johnson* should extend to

---

[1] On October 23, 2008, the Court issued an opinion and order finding that Defendant was not entitled to a reduced sentence under the amended Guidelines for cocaine base, given his status as a career offender. (ECF No. 49 at 1-2).

[2] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year . . . that

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

the residual clause of the career offender guideline, and that he was improperly sentenced as a career offender. Petitioner further questions his sentencing range of "0 to 20 years" because Count One of his indictment contained no drug quantity.

Because Defendant's instant motion was filed while his prior § 2255 motion was pending, it should have been considered as an amendment to his prior motion. *See, e.g., Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999); *Clark v. United States*, 764 F.3d 653, 658-60 (6th Cir. 2014). As this issue was overlooked when the current civil action was opened, and when the presiding District Judge ruled on Defendant's prior motion, the instant motion should not be considered a second or successive § 2255 motion.

Nonetheless, as explained below, Defendant's request for relief under *Johnson* is barred by subsequent rulings by the Supreme Court and the Fourth Circuit. Moreover, *Johnson* has no application to Defendant's case because his prior convictions were controlled substance offenses, which do not involve the application of the residual clause. Because it is apparent from the face of Defendant's motion that he is not entitled to collateral relief thereon, the undersigned has not ordered the United States of America to respond to Defendant's motion and there is no basis for appointment of counsel.

## **ANALYSIS**

Defendant's motion argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light

of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892.  Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*  Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Additionally, on August 21, 2017, the Fourth Circuit issued a decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017), holding that *Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive collateral review of a Guideline sentence thereunder.  Moreover, as noted above, because Defendant's two predicate offenses were controlled substance offenses, which are separately defined under section 4B1.2, which contains no residual clause, *Johnson* is wholly inapplicable to his case.

Therefore, *Johnson* affords Defendant no relief.  Additionally, because *Johnson* is inapplicable to Defendant's claim, his § 2255 motion is otherwise untimely, as it was filed well more than one year after his judgment became final.  *See* 28 U.S.C. § 2255(f)(1).  Moreover, despite the lack of a drug quantity in his indictment, Defendant was properly sentenced under 21 U.S.C. § 841(b)(1)(C).

## **RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's § 2255 motion (ECF No. 71) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

May 20, 2020

Dwane L. Tinsley
United States Magistrate Judge